UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSUE MEDINA,

                    Petitioner,

    v.

ICE FIELD OFFICE DIRECTOR; Bruce
Scott, Warden of Northwest ICE Processing
Center,

                  Respondents.

CASE NO. 2:26-cv-00983-JHC

ORDER

This matter comes before the Court on pro se Petitioner Josue Medina's Petition for Writ of Habeas Corpus.  Dkt. # 3.  The Court has considered the materials filed in support of and in opposition to the petition, the rest of the file, and the applicable law.  For the reasons below, the Court DENIES the Petition without prejudice.

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241 (a), (c).  "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief."  *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

ORDER - 1

Petitioner argues that he is entitled to release or in the alternative, a bond hearing, as his prolonged custody violates the due process clause of the Constitution. *See generally* Dkt. ## 3 & 14. The petition states that this relief is justified because, according to Ninth Circuit precedent, Petitioner is "not held under 8 U.S.C. § 1226(c)" but is instead subject to discretionary detention under 8 U.S.C. § 1226(a). Dkt. # 3 at 3–4. The petition then cites various cases that concern prolonged detention following entry of a final order of removal by the Board of Immigration Appeals (BIA). *See generally id*. at 3–5. And it concludes by arguing that Petitioner's continued detention—now for more than one year—is "completely excessive" and thus unlawful under this precedent. *Id*. at 6.

In response, Respondents contend that Petitioner has applied the wrong framework, as he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A), not discretionary detention under 8 U.S.C. § 1226(a). Dkt. # 6 at 2–3. And so, they argue, Petitioner is not entitled to habeas relief because his ongoing detention is both statutorily mandated and constitutionally permissible. *Id*. at 10. Petitioner's traverse appears to concede that Petitioner is in fact detained under 8 U.S.C. § 1226(c) and thus subject to mandatory detention. *See generally* Dkt. # 14. Still, the traverse argues that Petitioner is entitled to habeas relief, as the Constitution restricts such confinement and so his continued detention under § 1226(c) is unlawful. *See id*. at 2.[1]

The Court agrees with Petitioner's general argument—that a noncitizen's detention, even if mandatory under 8 U.S.C. § 1226(c), can still be unlawful if it is unreasonably prolonged. *See id.*; *see also Martinez v. Clark*, 2019 WL 5968089, at *6–7 (W.D. Wash. May 23, 2019), *report*

---

[1] Although this argument was not raised in the Petition, *see* Dkt. # 3, it is arguably responsive to the Response and so the Court will consider it. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (When the petitioner is pro se, courts are obligated "to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

ORDER - 2

*and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (affirming that prolonged detention under § 1226(c) can give rise to due process violations) (collecting cases); *Amhirra v. Warden, Nw. Det. Ctr.*, 2025 WL 3718994, at *5 (W.D. Wash. Dec. 23, 2025) (same). But Petitioner has not met his burden of showing an unreasonably prolonged detention under 8 U.S.C. § 1226(c): although Petitioner has stated that his detention is unreasonable, he has not made a showing under any of the pertinent factors.[2] *See generally* Dkt. ## 3 & 14. He also has not rebutted Respondents' showing that these factors weigh against relief. *Id.*; *see also* Dkt. # 6 at 7–8 (Respondents applying the *Martinez* factors).

For these reasons, the Court concludes that Petitioner has not met his "burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis*, 384 F.3d at 638. It thus DENIES the Petition, without prejudice, and DIRECTS the Clerk to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of May, 2026.

John H. Chun
United States District Judge

---

[2] The pertinent factors are: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *9; *see also Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106–07 (W.D. Wash. 2019) ("[T]he *Mathews* test balances the benefits or burdens of additional or substitute procedural safeguards. It does not resolve the more fundamental issue of whether any procedure—such as a bond hearing—must be provided.") (citation and internal quotation marks omitted).

ORDER - 3